___

**SO ORDERED,**

*/s/ Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: July 31, 2019**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   LEWIS M. WINSTEAD                           CASE NO. 19-50307-KMS

        DEBTOR                                                CHAPTER 13

## OPINION AND ORDER DENYING RELIEF FROM STAY

This matter came on for hearing on the Motion for Relief from Automatic Stay by creditor Bank of New York Mellon Trust Company N.A. as Trustee for Mortgage Assets Management Series 1 Trust ("Bank"), ECF No. 15, with response in opposition by debtor Lewis M. Winstead, ECF No. 23. The Bank requests relief as to the real property at 2504 Hardy Parker Road, Moss Point, Mississippi 39562 ("Property"). This proceeding is within the bankruptcy court's core jurisdiction under 28 U.S.C. § 157(b)(2)(G).

The Property is subject to a reverse mortgage ("Mortgage") that became due and payable pre-petition on the death of Winstead's mother. The Bank argues that because Winstead was not a signatory on the note associated with the Mortgage, he may not include the debt in his proposed

chapter 13 plan ("Plan"). Alternatively, the Bank argues that Winstead should be compelled to pay the entire debt as secured over the life of the Plan.

Although the treatment of a reverse mortgage in chapter 13 is a question of first impression in this Court, it has been addressed in other jurisdictions. Not only may Winstead include the debt in the Plan but he also may cram the Bank's claim down to the value of the Property. Accordingly, no cause exists to lift the stay, and the Motion is denied.

## FINDINGS OF FACT

The facts are not in dispute. In December 2008, Winstead's mother executed the note and a deed of trust for the Mortgage, which was later assigned to the Bank. In June 2018, she quitclaimed the Property to Winstead. A few weeks later, she died. In February 2019, Winstead filed this chapter 13 case.

Under both the note and deed of trust, the lender may require immediate payment in full if "[a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower." Note ¶ 7(A)(i), ECF No. 15-1 at 15; Deed of Trust ¶ 9(a)(i), ECF No. 15-1 at 4. The Property is Winstead's principal residence, but Winstead is not a "Borrower."

Winstead proposes to refinance the Property into his own name at an unspecified time during the 60-month Plan and then pay the Bank the Property's tax appraisal value of $76,040.00. *See* Plan Pt. 8.1.4, ECF No. 22 at 4; Tax Assessment, ECF No. 15-1 at 19. Meanwhile, he would maintain insurance on the Property and make *Till*-rate interest-only adequate protection payments of $428.00 per month. Plan Pt. 8.1.4. Nonpriority unsecured claims would be paid at 100%. Plan Pt. 5.1, ECF No. 22 at 3.

The Bank asserts a fully secured claim for $100,793.32, Cl. No. 2-1, to which Winstead has not objected. However, his Schedule D lists the claim as $98,827.10, bifurcated into $76,040.00 secured and $22,787.10 unsecured. ECF No. 20 at 11.

## CONCLUSIONS OF LAW

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause . . . ." 11 U.S.C. § 362(d)(1). The Bank argues that "cause" here is the death of Winstead's mother, the original mortgagor. Mot., ECF No. 15 at 3.[1]

The Motion presents two legal questions.

The first is whether Winstead may include the Mortgage in the Plan even though no privity of contract exists between him and the Bank. The Bank argues that he may not, citing *Reverse Mortgage Solutions, Inc. v. Nunez*, 598 B.R. 876 (S.D. Fla. 2019). But that case is inapposite. The question there was whether the debtor was a "borrower" under the reverse mortgage. *Id.* at 877. The district court held only that he was not a borrower and remanded the case to the bankruptcy court. *Id.* at 885. The controlling case is *Johnson v. Home State Bank*, in which the United States Supreme Court ruled that "a creditor who . . . has a claim enforceable only against the debtor's property nonetheless has a 'claim against the debtor' for purposes of the [Bankruptcy] Code." 501 U.S. 78, 85 (1991) (quoting 11 U.S.C. § 102(2)).

Winstead may therefore include the Mortgage in the Plan.

---

[1] The Bank also states that the Property is not necessary to an effective reorganization. ECF No. 15 at 3. The Bank thereby invokes § 362(d)(2), which would require the Bank to go forward with evidence that Winstead has no equity in the Property and that the Property is not necessary to an effective reorganization. *See In re Rogers*, 239 B.R. 883, 886 (Bankr. E.D. Tex. 1999); 11 U.S.C. § 362(g). But the Bank presented no evidence on equity or the Property's role in Winstead's reorganization and consequently did not establish a prima facie case under § 362(d)(2). *See* 239 B.R. at 887.

The second question is whether the claim must be paid in full. Under 11 U.S.C. § 1322(b)(2), the Code's anti-modification provision, "a claim secured only by a security interest in real property that is the debtor's principal residence" may not be modified.

But § 1322(c)(2) sets out an exception when "the last payment on the original payment schedule . . . is due before the date on which the final payment under the plan is due." This exception encompasses reverse mortgages that have become due and payable pre-petition because of the death of the borrower. *In re Brown*, 428 B.R. 672, 676 (Bankr. D.S.C. 2010) (collecting cases); *see also, e.g.*, *In re Michaud*, 548 B.R. 582, 583 (Bankr. S.D. Fla. 2016); *In re Griffin*, 489 B.R. 638, 643 (Bankr. D. Md. 2013). A leading bankruptcy treatise agrees. *See* 8 *Collier on Bankruptcy* ¶ 1322.17 (Richard Levin & Henry J. Sommer eds. 16th ed.) ("Reverse mortgages that have matured due to the death of the original mortgagor can . . . be modified under section 1322(c)(2).")

The modification is effected by joint operation of § 1322(c)(2) and § 1325(a)(5). *See* 11 U.S.C. § 1322(c)(2) ("[T]he plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) . . . ."). Under § 1325(a)(5), the debtor may keep the collateral and pay the amount of its value as a secured claim, treating the balance of the debt as unsecured. 11 U.S.C. § 1325(a)(5)(B)(ii); *see also Michaud*, 548 B.R. at 584; 8 *Collier on Bankruptcy* ¶ 1322.17 ("[T]he plain language of this provision [§ 1322(c)(2)] permits the modification of a claim on such a home mortgage through the bifurcation of that claim into secured and unsecured components, with the unsecured component crammed down pursuant to section 1325(a)(5).")

Accordingly, if the value of the Property is less than the amount of the Bank's claim, Winstead may bifurcate the claim under § 1325(a)(5). This holding does not, however, determine

4

or imply that the Plan satisfies § 1322(c)(2) and § 1325(a)(5); that question will be addressed at confirmation.

On motion for relief from stay, the party requesting relief has the burden of proof on the issue of the debtor's equity in property and the party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g). Winstead has met his burden to prove that cause does not exist to lift the stay.

The Motion is therefore **ORDERED DENIED**.

*##END OF ORDER##*